# IN THE COURT OF APPEALS OF IOWA

No. 13-1620
Filed July 30, 2014

**JEFFREY BOLTON,**
　　　　Plaintiff-Appellant,

**vs.**

**SECOND INJURY FUND OF IOWA,**
　　　　Defendant-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.


　　　　Jeffrey Bolton appeals from the district court order affirming the denial of

Second Injury Fund benefits. **AFFIRMED.**



　　　　Corey J.L. Walker of Walker, Billingsley & Bair, Newton, for appellant.

　　　　Thomas J. Miller, Attorney General, and Deborah M. Stein, Assistant

Attorney General, Department of Justice-Special Litigation, for appellee.



　　　　Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Jeffrey Bolton appeals from the district court order affirming the denial of Second Injury Fund benefits. He argues he is entitled to benefits because he has suffered two permanent disabilities resulting in the loss or loss of use of a scheduled member. Because substantial evidence supports the commission's finding that Bolton did not suffer a first qualifying injury, we affirm.

### I. Background Facts and Proceedings.

Bolton was employed by Suburban Lumber Company (Suburban) when he sustained a severe injury to his right hand while using a power saw at work in November 2007. He filed a petition seeking workers' compensation benefits from Suburban for the injury. He also sought Second Injury Fund benefits, alleging he sustained a first qualifying injury to his left knee in 1982 while riding his bicycle to work.

Following an arbitration hearing, the deputy workers' compensation commissioner found Bolton's hand injury resulted in a forty-seven percent functional loss of his upper-right extremity. The deputy found Bolton failed to establish the left-knee injury was a first qualifying injury and denied his claim against the Second Injury Fund. After the commissioner affirmed the arbitration decision, Bolton sought judicial review. The district court affirmed.

### II. Scope and Standard of Review.

This appeal is reviewed under standards described in Iowa Code chapter 17A. *See* Iowa Code § 86.26 (2007). "The agency decision itself is reviewed under the standards set forth in section 17A.19(10)." *Gregory v. Second Injury Fund of Iowa*, 777 N.W.2d 395, 397 (Iowa 2010). We will reverse the agency's

decision if a determination of fact by the commissioner is "not supported by substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f). Evidence is substantial "if a reasonable mind would find it adequate to reach a conclusion." *Second Injury Fund v. Bergeson*, 526 N.W.2d 543, 546 (Iowa 1995). In deciding if substantial evidence supports the commissioner's conclusions, we broadly and liberally construe the commissioner's findings to uphold the decision rather than defeat it. *Id.*

**III. Analysis.**

Bolton claims he is entitled to Second Injury Fund benefits under Iowa Code section 85.64, which limits an employer's liability to the second injury, where there are two qualifying injuries. The code section states in part:

> If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg or one eye, becomes permanently disabled by a compensable injury which has resulted in the loss of use of another such member or organ, the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability.

An employee must prove three things to trigger the liability of the Fund: (1) the loss, or loss of use of a hand, arm, foot, leg, or eye; (2) another loss, or loss of use of such member through a work-related, compensable injury; and (3) some permanent disability from both injuries. *Bergeson*, 526 N.W.2d at 547–48. When these three circumstances are present, the Fund becomes responsible for the difference between the compensation for which the current employer is liable and the total amount of industrial disability suffered by the employee, reduced by the compensable value of the first injury. Iowa Code § 85.64.

There is no dispute that Bolton's 2007 injury to his right hand qualifies as another loss of use of a scheduled member through a work-related, compensable injury. The fighting issue on appeal is whether Bolton suffered a first qualifying injury. Bolton argues there is undisputed evidence he suffered a first qualifying injury to his left knee in 1982, citing doctors' notes that indicate he complained of knee pain in February and March of 2007. He also cites the "undisputed medical opinion" provided by Dr. Kuhnlein, who conducted an independent medical examination and "extrapolated" a one-percent impairment rating to his left leg for the mild patellar pain Bolton described.

We conclude substantial evidence supports the commissioner's decision. Bolton admits he did not experience any difficulties with his knee until after he began working for Suburban in 2000, some eighteen years after the injury that he alleges resulted in a permanent loss of use of his knee. Bolton did not seek medical treatment for his injury after his initial treatment in 1982. He did not even mention left-knee pain to his doctors until twenty-five years later, when he also complained of right-knee, hip, and back pain. Even then, Bolton made no reference to the 1982 incident that allegedly caused the pain. There is, quite simply, nothing in the record to tie Bolton's complaints of knee pain to the 1982 injury until after he filed for workers' compensation benefits in this matter.

Although Bolton claims the one-percent impairment rating Dr. Kuhnlein assigned to his left leg is overwhelming evidence that he sustained a first qualifying injury, the only evidence upon which Dr. Kuhnlein assigned an impairment rating is Bolton's subjective complaints of pain. Bolton has never been given any restrictions as a result of the injury and there is no objective

evidence of loss of use. For these reasons, the commissioner did not give weight to Dr. Kuhnlein's opinion on this matter, and neither do we. *See Lithcote Co. v. Ballenger*, 471 N.W.2d 64, 66 (Iowa Ct. App. 1991) (noting the weight to be given the expert opinion is for the agency, which may accept or reject the opinion, in whole or in part, even if uncontroverted).

The district court determined substantial evidence supports the commissioner's decision. We agree and affirm. *See Mycogen Seeds v. Sands*, 686 N.W.2d 457, 464 (Iowa 2004) (noting that in applying the standards of chapter 17A, we affirm the district if we reach the same conclusions).

**AFFIRMED.**